UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KANG LU,                                          *
          Plaintiff,                              *
E. L.,    *
          Co-Plaintiff,                           *
                                                  *
          v.                                      *
                                                  *          Civil Case No. 15-30162-MGM
TROOPER JONATHAN R. SPENCER,                      *
Massachusetts State Police; TROOPER SEAN          *
MCCLINTOCK, Massachusetts State Police;           *
et al.,                                           *
                                                  *
          Defendants.                             *


MEMORANDUM AND ORDER REGARDING
DEFENDANTS' MOTIONS TO DISMISS
(Dkt. Nos. 10, 30, 32 & 35)

February 24, 2016

MASTROIANNI, U.S.D.J.

## I.    INTRODUCTION

Kang Lu ("Plaintiff"), acting *pro se*, brings this action against (i) Massachusetts State Police

Troopers Jonathan R. Spencer and Sean McClintock; (ii) Officer David E. Burns and Sergeant

North, both of the Palmer Police Department; and (iii) Judge William O'Grady and Judge Philip

Contant, both of the Westfield District Court (collectively "Defendants"). Plaintiff brings claims on

his own behalf and also seeks to advance claims on behalf of his minor child, E. L. The claims arise

out of two separate traffic stops during which Plaintiff was arrested. Plaintiff alleges the traffic stops

and the conduct of the officers during those traffic stops violated his rights under the United States

Constitution and negligently caused his minor son emotional distress. In addition, Plaintiff asserts

the laws cited by the officers who arrested him, Mass. Gen. Laws ch. 90, §§ 21 & 25, are

unconstitutional and void for vagueness. Finally, he asserts that he was not properly subject to the

jurisdiction of the Westfield District Court in connection with the September 11, 2014 traffic stop. Defendants Spencer, Burns, North, Contant, and O'Grady have now moved for dismissal under Rule 12(b) of the Federal Rules of Civil Procedure and Defendant McClintock has moved for judgment on the pleadings under Rule 12(c). As "[t]he standard of review of a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6)," the court will analyze all the motions together using the standards applicable to a motion to dismiss under Rule 12(b)(6) and considering only those facts set forth in the complaint. *Marrero-Gutierrez v. Molina*, 491 F.3d 1, 5 (1st Cir. 2007); *see also Perez-Acevedo v. Rivero-Cubano*, 520 F.3d 26, 29 (1st Cir. 2008) ("[T]o survive a Rule 12(b)(6) motion (and, by extension, a Rule 12(c) motion) a complaint must contain factual allegations that 'raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true . . . .'") (citing *Bell Atlantiv v. Twombly*, 550 U.S. 544, 555 (2007)).

## II.    CLAIMS MADE ON BEHALF OF E. L.

As a preliminary matter, the court considers Defendants' arguments that the claims Plaintiff seeks to assert on behalf of his minor child, E. L., should be dismissed because Plaintiff is not an attorney and so cannot represent the interests of any individual other than himself, including a minor child. Defendants are correct; though a parent may have standing to bring claims on behalf of their minor children, a parent who is not an attorney is not authorized to represent their children in court. *See* District of Massachusetts Local Rule 83.5.5; s*ee also O'Diah v. Volkswagen of Am., Inc.*, 91 F. App'x. 159, 160 (1st Cir. 2004) (parent suing on behalf of an incompetent child would "need to be represented by an attorney"). Plaintiff's claims for negligent infliction of emotional distress asserted on behalf of his minor child will, therefore, be dismissed.

### III.   STANDARD OF REVIEW

To survive a 12(b)(6) motion to dismiss, a complaint must allege facts that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations in the complaint must "nudge[] [the] claims across the line from conceivable to plausible." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Courts are not required to accept as true allegations in a complaint that are legal conclusions. *Id.* Additionally, the First Circuit instructs that "some allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross 'the line between the conclusory and the factual.'" *Peñalbert-Rosa v. Fortuño-Burest*, 631 F.3d 592, 595 (1st Cir. 2012) (quoting *Twombly*, 550 U.S. at 557 n. 5). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. In assessing a claim's plausibility, the court must construe the complaint in the plaintiff's favor, accept all non-conclusory allegations as true, and draw any reasonable inferences in favor of the plaintiff.[1] *See San Gerónimo Caribe Project, Inc. v. Acevedo-Vilá*, 687 F.3d 465, 471 (1st Cir. 2012).

"Determining whether a complaint states a plausible claim for relief" is a context-specific task that requires "the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The court considers the elements of a *prima facie* case in order to "determine

---

[1] The court notes that, when a plaintiff proceeds without the assistance of counsel, a court is required to liberally construe the document and hold it to a less stringent standard than a similar pleading drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

whether the 'cumulative effect of the complaint's factual allegations' is a plausible claim for relief,"

though, a complaint need not 'plead facts sufficient to establish a *prima facie* case." *Carrero-Ojeda v.*

*Autoridad de Energia Electrica*, 755 F.3d 711 (1st Cir. 2014) (quoting *Rodriguez-Reyes v. Molina-Rodriguez*,

711 F.3d 49, 54 (1st Cir. 2013)).


## IV.   FACTS

On September 11, 2014 Plaintiff and his family were traveling by car in Massachusetts when

Defendant Massachusetts State Trooper Spencer stopped their vehicle. Plaintiff, who was driving at

the time of the stop, has not alleged that the stop was improper. Trooper Spencer approached the

vehicle and repeatedly asked Plaintiff to provide a valid driver's license for himself and registration

documents for the vehicle. Plaintiff refused, insisting that Trooper Spencer lacked a legal basis for

requiring such documentation from him. The arresting officer, who may have been Trooper

Spencer, instructed him at least twice to step out of the car and informed him that he was under

arrest, before grabbing his left arm and pulling him from the vehicle. At the time of his arrest,

Plaintiff was in possession of a knife with a 4" fixed blade. Plaintiff was in police custody from

approximately 3:20 pm until 10:30 pm that day. He also was later charged with carrying a dangerous

weapon in violation of Mass. Gen. Laws ch. 269, § 10(b).

In connection with his arrest on September 11, 2014, Plaintiff was arraigned in Westfield

District Court on September 12, 2014. At that time, and in subsequent written motions and oral

arguments, Plaintiff challenged the court's jurisdiction over him and asserted that he had not been

properly informed of the charges against him. Plaintiff's challenge was based on his belief that his

arrest was unlawful. Subsequently, Plaintiff appeared for several motion hearings and eventually a

bench trial in connection with the case. It is unclear from the complaint what proceedings were

presided over by which of the two judges Plaintiff has named as defendants in this case. Plaintiff

later brought a civil action against the Westfield District Court and/or one or more of the judges presiding over the court. He ceased prosecuting that action before it was otherwise concluded.

On April 12, 2015, Plaintiff was again driving his car with his family and was again stopped, this time by Defendant Burns, an officer with the Palmer Police Department. As in September of 2014, Plaintiff refused to produce a driver's license and registration. He was subsequently arrested. Following his arrest, Plaintiff was in police custody from approximately 1 pm until approximately 4:30 pm. Though Plaintiff has also named Sergeant North as a party, he has not attributed specific conduct to him.

## V.   DISCUSSION

Plaintiff's complaint runs thirty pages and includes 186 numbered paragraphs. The majority of the numbered paragraphs contain legal references and conclusions, rather than factual allegations. When the conclusory statements are cut away, what remains is an allegation that Plaintiff's civil rights were violated by law enforcement personnel who violated the Constitution by twice arresting Plaintiff when he refused to produce either a driver's license or registration documentation during separate traffic stops and by judicial officers who oversaw a subsequent criminal case brought against Plaintiff for resisting arrest in connection with one of the arrests. Specifically, Plaintiff alleges that on September 11, 2014 and April 12, 2015 he was driving a car in Massachusetts, he was stopped by law enforcement personnel and asked, repeatedly, to produce a driver's license and registration. In both cases he refused to provide law enforcement with either a driver's license or registration, citing his rights pursuant to the case of *Shapiro v. Thompson*, 394 U.S. 618 (1969).

All of Plaintiff's claims flow from his assertion that there was no legal basis for an officer to require him to produce a driver's license when he was stopped while driving a car on a public roadway in Massachusetts. He has not alleged any conduct on the part of any of the law

enforcement or judicial officers named as defendants that would give rise to a right to relief. As his reliance on *Shapiro* was misplaced and his bedrock assertion is without merit, the court will grant Defendants' motions to dismiss.

For approximately 100 years, the Supreme Court has recognized that states may require those operating motor vehicles on public ways to obtain licenses and to register their vehicles. *Reitz v. Mealey*, 314 U.S. 33, 36 (1941) ("The use of the public highways by motor vehicles, with its consequent dangers, renders the reasonableness and necessity of regulation apparent."); *Kane v. New Jersey*, 242 U.S. 160, 167 (1916) ("The power of a state to regulate the use of motor vehicles on its highways has been recently considered by this court and broadly sustained. It extends to nonresidents as well as to residents."); *Hendrick v. Maryland*, 235 U.S. 610 (1915) ("There is no solid foundation for the claim that [the vehicle registration statute] directly interferes with the rights of citizens of the United States to pass through the state."). The "right to travel" referenced in *Shapiro* has nothing to do with the regulation of motor vehicles under states' police powers and does not change the rules set out in the earlier cases.

In *Shapiro*, the Supreme Court considered whether a state could distinguish between the welfare benefits it provided to individuals who had lived in the state for more than a year and those who had lived in the state for less than a year. In support of its ruling that such a distinction would unconstitutionally deter individuals with limited means from moving into the state, the Supreme Court referenced a "right to travel interstate" that long predated the Court's jurisprudence finding that states may regulate of drivers and motor vehicles as a valid exercise of their police powers. *Shapiro*, 394 U.S. at 630 n. 8 (citing, amongst others, *Paul v. Virginia*, 8 Wall. (75 U.S.) 168 (1869) and *Crandall v. Nevada*, 6 Wall. (73 U.S.) 35 (1868)).

## VI.    CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss (Dkt. Nos. 10, 30, and 32) and

Defendant McClintock's Motion for Judgment on the Pleadings (Dkt. No. 35) are hereby

ALLOWED.

It is So Ordered.

      _/s/ Mark G. Mastroianni_____
      MARK G. MASTROIANNI
      United States District Judge